Coleman v Kirby (2022 NY Slip Op 00004)





Coleman v Kirby


2022 NY Slip Op 00004


Decided on January 04, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 04, 2022

Before: Gische, J.P., Singh, Mendez, Shulman, Pitt, JJ. 


Index No. 650736/20 Appeal No. 14953 Case No. 2021-00661 

[*1]Bill Coleman, Plaintiff-Appellant,
v
Kierin Kirby, Professionally Known as Lady Miss Kier et al., Defendants-Respondents, Towa Tei Also Known as Dong Hwa Chung, Defendant.


Gusrae Kaplan Nusbaum PLLC, New York (Kari Parks of counsel), for appellant.
Reitler Kailas & Rosenblatt LLP, New York (Brian D. Caplan of counsel), for respondents.



Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered January 27, 2021, which, to the extent appealed from, granted defendants' motion to dismiss the first, second and fourth through eleventh causes of action, unanimously affirmed, without costs.
Supreme Court correctly dismissed plaintiff's claims for breach of the management agreement and breach of the co-management agreement. These agreements were separate contracts, as they had differing contracting parties, the management agreement made no reference to plaintiff or the co-management agreement. Nor did defendants have a direct obligation to plaintiff under either agreement (see Rudman v Cowles Communications, 30 NY2d 1, 13 [1972]; see also Schron v Troutman Sanders LLP, 97 AD3d 87, 92-93 [1st Dept 2012], affd 20 NY3d 430 [2013]).
The court also correctly dismissed plaintiff's claims for breach of the implied covenant of good faith and fair dealing under these agreements. These claims require a contractual obligation between the parties and, none exists here in either the management agreement or the co-management agreement (Duration Mun. Fund, L.P. v J.P. Morgan Sec., Inc., 77 AD3d 474, 474-475 [1st Dept 2010]).
Plaintiff's claims for injunctive and declaratory relief fail because he has an adequate remedy at law in the form of monetary damages for breach of the finder's fee contract (see Law Offs. of Paul A. Chin, P.C. v Seth A. Harris, PLLC, 159 AD3d 637, 639 [1st Dept 2018]).
Plaintiff cannot assert claims for unjust enrichment, promissory estoppel, or money had and received against defendants as they are not parties to the co-management agreement, which is potentially a valid and enforceable agreement that governs plaintiff's commissions for his management services (see Scarola Ellis LLP v Padeh, 116 AD3d 609, 611 [1st Dept 2014]).
We have considered plaintiff's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 4, 2022